1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
5  Attorneys for Defendant L & O ALISO VIEJO, LLC

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORLANDO GARCIA, <br><br> Plaintiff <br><br> v. <br><br> L & O ALISO VIEJO, LLC, a California limited liability Company; and Does 1-10, <br><br> Defendants. | Case No.:  8:21-cv-00418-JLS-JDE <br><br> **DEFENDANT'S RESPONSE TO THIS COURT'S ORDER RE STAY PENDING RELATED APPEALS** <br><br> Courtroom: 10A, 10th Fl. <br><br> Hon. Josephine L. Staton |

Defendant opposes a stay pending the resolution of appeals related to the issues presented in the Motion to Dismiss the Complaint. This case involves the sufficiency of a Marriott hotel's website disclosures. The courts have unanimously held that Marriott's website disclosures comply with the "Reservations Rule" and have rejected, in 29 cases, Potter & Handy's literally identical complaints and first amended complaints against Marriott hotels. The legal issues are therefore neither complicated nor a mystery here. While it is possible that 44 district courts could be wrong and the Ninth Circuit disagrees, that is obviously unlikely and a stay only serves to prejudice the Defendant, who must carry this lawsuit as a contingent liability on its books for the foreseeable future while the appeals – for which an Opening Brief has not yet been filed – winds its way through the appellate process. Potter & Handy has its remedy, which is to appeal a dismissal. This Court should not delay justice.

Plaintiff Orlando Garcia is one of the stable of plaintiffs that Potter & handy uses interchangeably in these more than 400 website accessibility cases that Potter & Handy has filed against hotels in California over the last six months. Each of the cookie-cutter complaints alleges the same purported lack of disclosures as does the complaint in the case *sub judice*. As of today, 45 courts have dismissed Potter & Handy's complaints with prejudice. Seventeen of those complaints that were dismissed with prejudice were brought by the *same plaintiff* as in this case and alleged the same alleged website deficiencies as in this case, including the widely followed decision in *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx), 2021 U.S. Dist. LEXIS 36034 (C.D. Cal. Feb. 25, 2021). *See also*, *Love v. Ashford San Francisco II, LP*, Case No. 3:20-cv-08458-EMC, 2021 U.S. Dist. LEXIS 66021(N.D.Cal. Apr. 15, 2021)(collecting cases).

A current list of Potter & Handy Website Accessibility Cases dismissed with prejudice is attached hereto as Exhibit 1. This extensive list of 45 cases shows that no "guidance" from the Ninth Circuit is necessary.

## ARGUMENT

A stay pending appeal is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). The party requesting a stay bears the burden of showing that the case's circumstances justify favorable exercise of that discretion. *Nken*, 556 U.S. at 433-34. To determine whether the moving party has met its burden, the Ninth Circuit uses a four-factor test: (1) whether the party has made a strong showing it is likely to succeed on the merits; (2) whether it will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties in the proceeding; and (4) where the public's interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Nken*, 556 U.S. at 434. The moving party cannot simply make "stereotyped or conclusory statements" but, instead, "must show a particular and specific need" for the stay. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D.Cal. 1995). The first two factors of the traditional standard are the most critical. *Nken*, 556 U.S. at 434-35.

First, "It is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434-35. Plaintiff cannot make *any* showing, strong or otherwise, that he is likely to succeed on the merits. As discussed above, 44 courts have dismissed these exact claims with prejudice – including two judgments against Plaintiff alone. While it is always conceivable that 44 different courts are wrong, that is extraordinarily unlikely.

Second, "simply showing some 'possibility of irreparable injury,' fails to satisfy the second factor. . . . the 'possibility' standard is too lenient." *Nken*, 556 U.S. at 434-35 (citations omitted). Here, Plaintiff cannot show *any* injury at all, much less an *irreparable* one, absent a stay. Love already has nine judgments against him on identical claims. Potter & Handy has lost 44 cases on the same cookie-cutter allegations, albeit spread around the

California district courts as much as possible. It is impossible to fathom what type of irreparable injury that Plaintiff could possibly suffer without a stay. *See Garcia v. TCRF Redondo TOD, LLC et al.*, Case No. 2:21-cv-01516-GW-(JEMx) (C.D.Cal. May 17, 2021)(denying stay pending appeal). In *TCRF Redondo*, the court found that this very plaintiff could show no "irreparable harm" to justify a stay of another Potter & Handy case against Marriott pending the resolution of the current appeals.

Third, issuance of a stay will substantially injure Defendant. This case has been pending in this Court since March 5, 2021. As this Court is aware, the Motion to Dismiss is due to be heard on August 5, 2021. The courts (27 to date) have unanimously dismissed Garcia's and other Potter & Handy plaintiffs' identical claims against Marriott hotels based on Marriott's standardized website disclosures with prejudice. It is unfair to Defendant to leave this case open for the 18 months (or more) until the existing appeals are resolved by the Ninth Circuit, which is a cloud on Defendant's business and must be carried as a contingent liability. *See Dependable Highway Express, Inc.*, 498 F.3d at 1066-67 ("[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time. Generally, stays should not be indefinite in nature,"requiring a strong showing to justify an indefinite stay). In that case, the Ninth Circuit reversed an indefinite stay pending resolution of an appeal, stating that a stay that terminated upon the resolution of an appeal could "remain in effect for a lengthy period of time, perhaps for years if litigation dragged on." "Justice delayed is justice denied." *Storfer v. Dwelle*, No. 3:12-CV-00496-EJL, 2013 U.S. Dist. LEXIS 109376, at *11 (D. Idaho Aug. 2, 2013) (denying stay). As the court in *TCRF Redondo* held, "While the outcome of the pending cases on appeal would result in Ninth Circuit authority as to Plaintiff's counsel's hotel website accessibility cases, the Court would find that the harm in keeping this case open for the duration of the appeals outweighs any benefit."

Finally, the public interest weighs against a stay. The public has an interest in the speedy resolution of these cases. The public does not have any interest in delaying a

dismissal of a meritless case.

## CONCLUSION

Although Potter & Handy has currently appealed at least four of the above decisions, given the avalanche of uniform decisions all rejecting the identical disclosure claims as those in this case, Defendant respectfully request that this Court put an end to this case rather than stay it pending appeal. If Potter & Handy is dissatisfied with the outcome of the Motion to Dismiss, it can add this case to the others that it has appealed.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: June 3, 2021                    By: _____
                                          Philip H. Stillman, Esq.
                                          Attorneys for Defendant L & O ALISO VIEJO, LLC

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on June 3, 2021 or as soon as possible thereafter, copies of the foregoing Response re Stay Pending Appeal was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same.

By: /s/ *Philip H. Stillman*
Attorneys for Defendant L & O ALISO VIEJO, LLC.

# EXHIBIT 1
(Master List Of Dismissed Website Accessibility Cases)

Cases Available On Lexis:

1. *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES 2021 U.S. Dist. LEXIS 51569 (C.D. Cal. Feb. 16, 2021)(dismissing identical claims by another of Potter & Handy's stable of plaintiffs asserting the same deficiencies in Marriott's website and Expedia);

2. *Salinas v. Apple Ten Spe Capistrano*, No. SACV 20-02379-CJC (DFMx), 2021 U.S. Dist. LEXIS 74210 (C.D. Cal. Feb. 18, 2021)(dismissing identical claims by another of Potter & Handy's stable of plaintiffs asserting the same deficiencies in Marriott's website);

3. *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx), 2021 U.S. Dist. LEXIS 36034 (C.D. Cal. Feb. 25, 2021) (containing detailed analysis of Website accessibility requirements).

4. *Love v. Gates Hotel, Inc.*, No. 20-cv-07191-SI, 2021 U.S. Dist. LEXIS 40113 (N.D. Cal. Mar. 2, 2021);

5. *Love v. Marriott Hotel Servs.*, No. 20-cv-07137-TSH, 2021 U.S. Dist. LEXIS 41081 (N.D. Cal. Mar. 3, 2021) (Marriott case)(detailed analysis of DOJ Guidance);

6. *Arroyo v. AJU II Silicon Valley LLC*, Case 4:20-cv-08218-JSW, 2021

U.S. Dist. LEXIS 71198 (N.D.Cal. Mar. 16, 2021) (dismissing identical claims asserting the same deficiencies in Marriott's website).

7. *Garcia v. Chamber Maid, L.P.*, No. CV 20-11699 PA (PDx), 2021 U.S. Dist. LEXIS 49411 (C.D. Cal. Mar. 15, 2021).

8. *Love v. KSSF Enters. Ltd*, No. 20-cv-08535-LB, 2021 U.S. Dist. LEXIS 51788 (N.D. Cal. Mar. 18, 2021) (Marriott website).

9. *Lammey v. Spectrum Gateway Hotels, Ltd. Liab. Co.*, No. 8:21-cv-00104-DOC-KES, 2021 U.S. Dist. LEXIS 74398 (C.D. Cal. Mar. 22, 2021) (dismissing identical claims by another of Potter & Handy's stable of plaintiffs asserting the same deficiencies in Marriott's website).

10. *Love v. Marriott Ownership Resorts, Inc.,* Case No. 20-cv-07523-CRB, 2021 U.S. LEXIS 59777 (N.D.Cal. Mar. 29, 2021).

11. *Garcia v. Heritage Inn of Sacramento, LLC*, No. 2:20-cv-02191-JAM-AC, 2021 U.S. Dist. LEXIS 68183 (E.D. Cal. Apr. 2, 2021).

12. *Love v. Wildcat Owners Lessee*, No. 20-cv-08913-DMR, 2021 U.S. Dist. LEXIS 66021 (N.D. Cal. Apr. 5, 2021).

13. *Arroyo v. Dorcich Farms, LLC*, No. 20-CV-08216-LHK, 2021 U.S. Dist. LEXIS 70427 (N.D. Cal. Apr. 12, 2021) (Marriott)

14. *Lammey v. Apple Eight California*, 2:21-cv-01260-PA-JEM, 2021 U.S. Dist. LEXIS 73200 (C.D.Cal. Apr. 15, 2021) (Marriot site, dismissing FAC).

15. *Love v. Ashford San Francisco II, LP*, Case No. 3:20-cv-08458-EMC, 2021 U.S. Dist. LEXIS 66021(N.D.Cal. Apr. 15, 2021) (Marriott website, dismissing FAC).

16. *Garcia v. LHM, LP,* Case No. 21-00355-CJC (DFMx), 2021 U.S. LEXIS 43490 (C.D.Cal. Apr. 19, 2021).

17. *Whitaker v. KK, LLC,* Case No. 20-cv-06877-MMC 2021 U.S. LEXIS 82544 (N.D.Cal. April 29, 2021) (Ramada).

18. *Love v. CCMH Fisherman's Wharf LLC*, No. 20-cv-07131-JCS, 2021 U.S. Dist. LEXIS 85405 (N.D. Cal. May 3, 2021) (Marriott).

19. *Garcia v. RPC Old Town Ave. Owner, Ltd. Liab. Co.*, No. 21-cv-0170-GPC-KSC, 2021 U.S. Dist. LEXIS 84341 (S.D. Cal. May 3, 2021) (Marriott)

20. *Lammey v. Sunworld Dynasty US Holding LLC*, No. 2:21-cv-01302-VAP-SKx, 2021 U.S. Dist. LEXIS 89000 (C.D. Cal. May 7, 2021) (Marriott/Expedia)

Cases Not Yet Available on Lexis:

21. *Garcia v. E.L. Heritage Inn of Sacramento*, Case No. 2:20-cv-02162 (JAM) (E.D.Cal. Mar. 23, 2021) (Marriott website, dismissing FAC)

22. *Garcia v. SL&C Ontario,* Case No. 5:21-cv-00061-JGB-KK (C.D.Cal. Mar. 26, 2021) (Marriott website)

23. *Garcia v. BRE El Segundo*, Case No. 2:21-cv-00350-RGK-SK (C.D.Cal. Mar. 29, 2021) (Marriott website, dismissing FAC).

24. *Garcia v. PCH Beach Resort, LLC*, Case 8:21-cv-00081-DOC-JDE (C.D.Cal. Mar. 30, 2021) (Hyatt site)

25. *Love v. W by W Almaden Expy I, LLC*, Case No. 5:20-cv-07807-SVK (N.D.Cal. Apr. 9, 2021) (Wyndham website, dismissing FAC).

26. *Garcia v. PHG Irvine Park Place, LLC,* 8:21-cv-00374-CJC-JDE (C.D.Cal. Apr. 13, 2021) (Marriott website).

27. *Garcia v. Torrance Inn JV, LLC*, Case No. 2:21-cv-00998-RGK (PVCx) (C.D.Cal. Apr. 20, 2021) (dismissing Marriott FAC).

28. *Garcia v. Omee Corp.*, Case No. 8:21-cv-00256-CJC-ADS (C.D.Cal. Apr. 20, 2021).

29. *Arroyo v. SC Landmark Hotels, LLC*, Case No. 21-cv-00119-KAW (N.D.Cal. Apr. 21, 2021)(dismissing Marriott Complaint)

30. *Rios v. RLJ C San Francisco, LP*, Case No. 21-cv-00338-KAW (N.D.Cal. Apr. 21, 2021) (dismissing Marriott Complaint)

31. *Arroyo v. Independence Menlo Hotel Owner*, *LLC*, Case No. 21-cv-00431-KAW (N.D.Cal. Apr. 21, 2021) (dismissing Marriott complaint)

32. *Arroyo v. PA Holdings, LLC,* Case No. 5:21-cv-00343-SVK (N.D.Cal. Apr. 23, 2021) (Nobu Hotels)

33. *Garcia v. LHO Mission Bay Rosie Resort, L.P,* Case no. 3:20-cv-02370-DMS-MDD (S.D.Cal. Apr. 28, 2021) (San Diego Mission Bay Resort)

34. *Arroyo v. Newage Desert Springs, LLC et al.,* Case No. 5:21-cv-00092-GW-SHK (C.D.Cal. Apr. 29, 2021)(Marriott and Expedia websites)

35. *Garcia v. WH Manhattan Beach, LP*, Case No. 2:20-cv-11698-GW-JEM (C.D.Cal. April 29, 2021) (Marriott website).

36. *Love v. Lafayette Park Hotel Associates*, Case No. 4:21-cv-1361-KAW (N.D.Cal. May 3, 2021)

37. *Garcia v. BBC Esmeralda,* Case No. 5:21-cv-00342-JGB-PVC (C.D.Cal. May 7, 2021) (Marriott website).

38. *Whitaker v. Fortuna Enters., LP,* Case No. 2:21-cv-103140-SB-AFM (C.D.Cal. May 12, 2021).

39. *Salinas v. Starwood Hospitality, LLC,* Case No. 5:21-cv-00434-JGB-PVC (C.D.Cal. May 14, 2021) (Marriott FAC).

40. *Whitaker v. Cesano, Inc.*, Case No. 3:21-cv-01018-MMC (N.D.Cal. May 14, 2021).

41. *Garcia v. TCRF Redondo TOD*, LLC et al.; Case No. 2:21-cv-01516-GW-(JEMx) (C.D.Cal. May 17, 2021) (Marriott case, FAC).

42. *Garcia v. Pinnacle 1617, Inc.*, Case 3:21-cv-00126-CAB-AGS (S.D.Cal. May 17, 2021) (Marriott case).

43. *Arroyo v. OLS Hotels & Resorts, LLC*, Case 3:21-cv-01354-LB (N.D.Cal. May 26, 2021)

44. *Garcia v. Palmetto Hospitality of Santa Monica IL LLC,* Case 2:20-cv-11294-SB(JCx) (C.D.Cal. May 24, 2021)

45. *Rios v. Leadwell Global Property, LLC*, Case No. 4:21-cv-00267-PJH (N.D.Cal. June 1, 2021)