
CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia,**<br><br>       Plaintiff,<br><br>  **v.**<br><br>**L & O Aliso Viejo, LLC,** a California Limited Liability Company; and Does 1-10;<br><br>       Defendants, | Case No.: 8:21-cv-00418-JLS-JDE<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 17)** |

RESPONSE TO OSC

Pursuant to the Court's Order to Show Cause ("OSC"), Dkt. 17, Plaintiff tenders this response to whether the Court should stay this matter. Plaintiff does not oppose a stay pending the outcome of the cases cited in the Court's OSC.

## I.  INTRODUCTION

This case concerns 28 C.F.R. § 36.302(e)(ii) (the "Reservations Rule")—a regulation promulgated under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA").  The Reservations Rule requires a hotel to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(ii). At the heart of this dispute is what accessibility information must be disclosed by a hotel on its reservations website in order to comply with the Reservations Rule.  The parties differ on the interpretation of the regulation. The resolution of this dispute will require the Court to interpret the Reservations Rule as well as guidance from the U.S. Department of Justice that was published with the Reservations Rule.

Recently, four virtually identical lawsuits brought by plaintiffs represented by Plaintiff's attorneys here (the Center for Disability Access) have been dismissed with prejudice, and these plaintiffs have filed appeals to the Court of Appeals for the Ninth Circuit.  Because these four other lawsuits involve precisely the same legal question that is at issue in this case (*i.e.*, what accessibility information does the Reservations Rule require to be disclosed on a hotel's reservations website), Plaintiff believes a stay pending the outcome of the four appeals is warranted.

## II.  RELEVANT PROCEDURAL HISTORY OF THIS CASE

Plaintiff alleges that he sought to make a trip to the area where Defendant's hotel is located and that he needed an accessible hotel room because of a mobility disability. Plaintiff claims that he visited the hotel's reservations website but the website provided insufficient information about the accessibility features of the accessible rooms, which prevented Plaintiff from making a reservation.  Plaintiff alleges that Defendant's failure to

provide adequate accessibility information violates the ADA and the Unruh Civil Rights Act, Cal. Civ. Code, § 51(f) based on Defendants' alleged violation of the ADA. This case is still in its early stages.

### III. THE CASES ON APPEAL

The four Ninth Circuit appeals are:

*Love v. Marriott Hotel Services, Inc.*, No. 21-15458 ("*MHSI*")

*Arroyo v. JWMFE Anaheim, LLC*, No. 21-55237 ("*JWMFE*")

*Garcia v. Gateway Hotel L.P.*, No 21-55227 ("*Gateway*")

*Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 21-15674 ("*E.L. Heritage*") (collectively "Appeals").

As stated, the plaintiffs in the four Appeals are all represented by counsel for Plaintiffs here. The plaintiffs in these four cases claimed that they planned on making a trip to a specific hotel, and that they needed an accessible guestroom because of their mobility disabilities. The plaintiffs allege that they went to the defendant's reservations websites, but the websites failed to identify the hotel's accessible features in sufficient detail. The four cases on appeal make the same legal claims as this one.

The defendants in these four cases moved to dismiss the claims, which the district courts granted with prejudice. *See Love v. Marriott Hotel Services, Inc.*, No. 3:20-cv-07137-TSH, ECF No. 24 (N.D. Cal. Mar. 3, 2021); *Garcia v. Gateway Hotel L.P.*, No. 2:20-cv-10752-PA-JGS, ECF No. 23 (C.D. Cal. Feb. 25, 2021); *Arroyo v. JWMFE Anaheim, LLC*, No. 8:21-cv-00014-CJC-KES, ECF No. 17 (C.D. Cal. Feb. 16, 2021); *Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 2:20-cv-02162-JAM-DB, ECF No. 17 (E.D. Cal. Mar. 23, 2021).

In all four cases, the courts examined the Reservations Rule, the DOJ's commentary about the Reservations Rule at 28 C.F.R. Pt. 36, App. A (the "2010 Guidance"), and district court decisions concerning the Reservations Rule about the disclosure of accessibility information. *Id.* None of the decisions cite to any controlling Ninth Circuit precedent on

the Reservations Rule because the Ninth Circuit has never opined on what accessibility information must be disclosed under the Reservations Rule.

The plaintiffs in these four cases appealed the dismissal orders to the Ninth Circuit Court of Appeals. Briefing schedules have been set: Opening briefs are due June 9, June 14, June 16, and July 26, 2021.

## IV. GOOD CAUSE EXISTS FOR A STAY OF THIS CASE PENDING THE NINTH CIRCUIT'S DECISIONS IN THE APPEALS

### A. Legal Standard.

A district court "'has broad discretion to stay proceedings as an incident to its power to control its own docket' in an effort to promote judicial economy." *DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) *citing Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

When considering whether to stay proceedings pending an appeal in another case, a district court must consider: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) *citing Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Larsen v. City of Los Angeles*, No. 12-cv-04392, 2012 WL 12887557, *9 (C.D. Cal. Aug. 3, 2012) *citing Leyva*, 593 F.2d at 863-64.

### B. The Appeals Present the Very Same Legal Issue Presented In This Case and Will Likely Result in Controlling Authority.

As previously stated, the question presented in the Appeals is: What accessibility information must a hotel provide on its reservations website about its hotel under the Reservations Rule? The Ninth Circuit has never addressed this question, and its ruling will directly impact the outcome of this case. A question of law is controlling "if its resolution on appeal 'could materially affect the outcome of litigation in the district court.'" *Brickman v. Facebook, Inc.*, No. 16-cv-00751, 2017 WL 1508719, *2 (N.D. Cal. April 27, 2017) *citing In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). A question is considering "controlling" even if "its resolution does not determine who will prevail on the merits." *Id. citing Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318-19 (9th Cir. 1996). Courts have explained that "the existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Larsen*, 2012 WL 12887557 at *9 *citing Leyva*, 593 F.2d at 863-64.

Indeed, district courts in the Ninth Circuit have routinely granted motions to stay proceedings pending the resolution of an appeal in another case that will control the outcome of the case before it. *See O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821, 2016 WL 815357, *4-5 (N.D. Cal. Mar. 2, 2016) (collecting district court cases from the Ninth Circuit that entered a stay pending the resolution of the Supreme Court's decision in *Spokeo*). Several district courts in ADA cases have entered stays in their cases while the same legal issue was under consideration by the Ninth Circuit. *See Lammey v. Starbucks Corp.*, No. 2:18-cv-10017-ODW-GJS, ECF No. 28 (C.D. Cal. Aug. 14, 2019) (court granting plaintiff's unopposed motion for a stay pending the outcome of Ninth Circuit cases addressing the same legal issue); *Villegas v. Heavenly Mountain, LLC*, No. 2:18-cv-06716-ODW-PLA, ECF No. 35 (C.D. Cal. Aug. 15, 2019) (same); *Lammey v. Starbucks Corporation*, No. 2:18-cv-09478-DSF-PJW, ECF No. 28 (C.D. Cal. July 11, 2019) (same). *See also Johnson v. Jding Props. LLC*, No. 4:18-cv-03382-HSG, ECF No. 46 (N.D. Cal. Oct. 24, 2019) (granting the plaintiff's motion for a stay pending the outcome of controlling

appeals in the Ninth Circuit); *Johnson v. VTC Expansion LLC*, No. 18-cv-04489, 2019 WL 3769629 (N.D. Cal. Aug. 9, 2019) (same).

District courts in the Ninth Circuit have even stayed cases pending the outcome of an appeal in another circuit court of appeals based on the guidance that the opinion would offer. *See Brickman*, 2017 WL 1508719 at *4-5 (district court within the Ninth Circuit staying case while an appeal in the *ACA Int'l* case was pending before the D.C. Circuit Court of Appeals); *Small v. GE Capital, Inc.*, No. 15-cv-01821, 2016 WL 4502460, *3 (C.D. Cal. June 9, 2016) (same).

These cases all reflect the Ninth Circuit's observations in *Leyva*, 593 F.2d at 863-64, that waiting for another proceeding to potentially resolve the issues in the case before it is a compelling reason to grant a stay, and furthers judicial economy. *See also Larsen*, 2012 WL 12887557 at *9.

### C. A Stay Will Not Harm Any Party, Will Conserve Resources, and Will Further the Interests of Justice.

As the Ninth Circuit stated in *Leyva*, in deciding whether to grant a stay, a court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Leyva*, 593 F.2d at 863-64. All of these factors favor a stay of this case.

First, with regard to the possible damage which may result from a stay, *Lockyer*, 398 F.3d at 1110, no damage will result to Defendant from the Court staying this case pending the outcome of the Appeals.

Second, the Parties would both suffer hardship if they are required to go forward with the case. In the absence of a stay, the Parties and the Court would likely expend resources on briefing and deciding a motion to dismiss. If that motion were denied, the Parties would have to expend substantial resources on discovery, motions for summary judgment, and

possibly a trial. All of these activities may be not be necessary depending on how the Ninth Circuit rules in the Appeals.

Courts have routinely granted stays to avoid these unnecessary expenditures. For example, in *Brickman*, the court explained that if it declined to stay the case pending an outcome determinative appeal in another case, "both parties would run the risk of incurring unnecessary litigation fees and expenses." 2017 WL 1508719 at *4 *citing Clayton v. Synchrony Bank*, 219 F. Supp. 3d 1006 (E.D. Cal. Nov. 7, 2016) ("the parties should not have to engage in discovery related to a claim that may not be viable."). In *Johnson*, the court explained that without a stay, "proceeding with the...issue 'while the Ninth Circuit is considering the legality of this very practice would be inefficient and potentially lead to inconsistent results.'" 2019 WL 3769629 at *1 *citing Leyva*, 593 F.2d at 863.

Similarly, in *Small*, 2016 WL 4502460 at *3, the court observed that "further litigation absent a ruling [in the appeal] may be unnecessary and will require both parties and the Court to spend substantial resources." *See also Edwards v. First Am. Corp.*, No. 07-cv-03796, 2013 WL 12213848, *3 (C.D. Cal. April 9, 2013) (proceeding without a stay "could result in enormous, duplicative costs for both Plaintiff and Defendant," and noting that it is within the public interest to avoid the inefficiency of wasting the court's limited resources on litigation that may be changed because of an appeal). Finally, in *Matera v. Google Inc.*, No. 15-cv-04062, 2016 WL 454130, *4 (N.D. Cal. Feb. 5, 2016), the Court explained that not issuing a stay pending an appeal in another case would harm the parties by forcing them to proceed through discovery in the face of a decision that could subsequently change the legal standard in the case, or require dismissal (or modification) of the complaint.

Third, a stay will also simplify the legal issues before the Court and eliminate the threat of inconsistent decisions. In *Poway v. Unified Sch. Dist. v. K.C.*, No. 10-cv-897, 2013 WL 990837, *10 (S.D. Cal. March 13, 2013), the court granted a stay in an ADA case pending the outcome of two Ninth Circuit appeals because "a stay would avoid inconsistent rulings and contribute to the interests of justice and efficiency." *See also Johnson*, 2019 WL

3769629 at *1 (the Court explaining in an ADA case that "proceeding with the...issue "while the Ninth Circuit is considering the legality of this very practice would be inefficient and potentially lead to inconsistent results").

As discussed, the Ninth Circuit's resolution of the Appeals will either determine which party prevails in this case, or at least provide important guidance on an issue that this Court must decide. This scenario alone furthers the interests of justice because it will result in "the simplifying . . . of issues, proof, and questions of law." *Id.* The stay would also prevent the issuance of decision by this Court that is contrary to the Ninth Circuit's determination in the Appeals.

## V.    CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully request that this Court stay this case in its entirety pending the resolution of the Appeals by the Ninth Circuit in *MHSI*, *Gateway*, *JWMFE,* and *E.L. Heritage*.

DATED: June 7, 2021                                          CENTER FOR DISABILITY ACCESS

By:         /s/ *Zachary Best*
Attorneys for Plaintiff
Orlando Garcia